ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DANIEL A. SAUNDERS (Cal. State Bar # 161051)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2272
    Facsimile:  (213) 894-3713
    E-Mail: daniel.saunders@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>SONNY VLEISIDES et al.,<br><br>            Defendants. | No. CR 07-134-DDP<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JAMES RAY HOUSTON |

1.  This constitutes the plea agreement between JAMES RAY HOUSTON, aka "Rex Rogers" ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

    a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count

eleven of the indictment in <u>United States v. Sonny Vleisides, et al.</u>, CR No. 07-134-DDP.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

h) Make restitution at or before the time of sentencing, and] not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.

2

1    c) At the time of sentencing, move to dismiss the

2  remaining counts of the indictment as against defendant.

3  Defendant agrees, however, that at the time of sentencing the

4  Court may consider the dismissed counts in determining the

5  applicable Sentencing Guidelines range, the propriety and extent

6  of any departure from that range, and the sentence to be imposed

7  after consideration of the Sentencing Guidelines and all other

8  relevant factors under 18 U.S.C. § 3553(a).

9    d) At the time of sentencing, provided that defendant

10  demonstrates an acceptance of responsibility for the offenses up

11  to and including the time of sentencing, recommend a two-level

12  reduction in the applicable Sentencing Guidelines offense level,

13  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

14  move for an additional one-level reduction if available under

15  that section.

16                      <u>NATURE OF THE OFFENSE</u>

17    4.  Defendant understands that for defendant to be guilty of

18  the crime charged in count eleven (violation of Title 18, United

19  States Code, Section 1341), the following must be true:  (1)

20  defendant executed or participated in a scheme or plan for

21  obtaining money or property by making false promises or

22  statements; (2) defendant knew that the promises or statements

23  were false; (3) the promises or statements were of a kind that

24  would reasonably influence a person to part with money or

25  property; (4) defendant acted with the intent to defraud; and (5)

26  defendant used, or caused to be used, the United States mail or

27  private or commercial carrier operating in interstate or foreign

28  commerce to carry out the scheme.  Defendant admits that

                                    3

1  defendant is, in fact, guilty of this offense as described in

2  count eleven of the indictment.

3                    PENALTIES AND RESTITUTION

4       5.   Defendant understands that the statutory maximum

5  sentence that the Court can impose for a violation of Title 18,

6  United States Code, Section 1341, is:  twenty years imprisonment;

7  a three-year period of supervised release; a fine of $250,000 or

8  twice the gross gain or gross loss resulting from the offense,

9  whichever is greatest; and a mandatory special assessment of

10  $100.

11      6.   Defendant understands that supervised release is a

12  period of time following imprisonment during which defendant will

13  be subject to various restrictions and requirements.  Defendant

14  understands that if defendant violates one or more of the

15  conditions of any supervised release imposed, defendant may be

16  returned to prison for all or part of the term of supervised

17  release authorized by statute for the offense that resulted in

18  the term of supervised release, which could result in defendant

19  serving a total term of imprisonment greater than the statutory

20  maximum stated above.

21      7.   Defendant understands that defendant will be required to

22  pay full restitution to the victims of the mail fraud scheme

23  alleged in the Indictment, in an amount to be determined at

24  sentencing.  Defendant agrees that, in return for the USAO's

25  compliance with its obligations under this agreement, the amount

26  of restitution is not restricted to the amounts alleged in the

27  count to which defendant is pleading guilty and may include

28  losses arising from counts dismissed pursuant to this agreement

                                   4

1 │ as well as all relevant conduct in connection with those counts.
2 │ Defendant reserves the right to contest the determination of any
3 │ restitution amount at sentencing.

4 │     8.  Defendant understands that, by pleading guilty,
5 │ defendant may be giving up valuable government benefits and
6 │ valuable civic rights, such as the right to vote, the right to
7 │ possess a firearm, the right to hold office, and the right to
8 │ serve on a jury.  Defendant understands that once the court
9 │ accepts defendant's guilty plea, it will be a federal felony for
10 │ defendant to possess a firearm or ammunition.  Defendant
11 │ understands that the conviction in this case may also subject
12 │ defendant to various other collateral consequences, including but
13 │ not limited to revocation of probation, parole, or supervised
14 │ release in another case and suspension or revocation of a
15 │ professional license.  Defendant understands that unanticipated
16 │ collateral consequences will not serve as grounds to withdraw
17 │ defendant's guilty plea.

18 │     9.  Defendant understands that, if defendant is not a United
19 │ States citizen, the felony conviction in this case may subject
20 │ defendant to removal, also known as deportation, which may, under
21 │ some circumstances, be mandatory.  The court cannot, and
22 │ defendant's attorney also may not be able to, advise defendant
23 │ fully regarding the immigration consequences of the felony
24 │ conviction in this case.  Defendant understands that by entering
25 │ a guilty plea defendant waives any claim that unexpected
26 │ immigration consequences may render defendant's guilty plea
27 │ invalid.
28 │

<u>FACTUAL BASIS</u>

10.   Defendant and the USAO agree to the statement of facts provided below.   Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

During the time period alleged in the Indictment, namely beginning in or about 1990 and continuing to at least in or about July 2006, defendant formed and operated various companies, including Shamrock Agency, World Expert Fund, Mutual Medical Insurance Co., Old Amsterdam Trust Co, and North American Foreign Payments Services.   Under the banner of these companies, defendant caused to be sent to potential victims tens of thousands of solicitations offering chances to win foreign and domestic lotteries such as "The International Irish Sweepstakes" (Irish Lottery), "The El Gordo" (Spanish Lottery), "The Bunderschmidt" (German Lottery), "The NY Super 7" (New York Lottery) and the "Triple Crown Lottery."   The solicitations falsely claimed that the victims were purchasing "positions" in tickets to lotteries that would be grouped together or "pooled" to buy larger blocks of tickets.   The solicitations contained various misrepresentations, including but not limited to the following: 1) that money sent by participants in the pool would be used to purchase tickets in lotteries, horse races, and other such games; 2) that participants in the pool had a chance to win millions of dollars; 3) that previous participants in the pool had won millions of dollars; 4) that the companies were backed by governmental and/or legitimate lottery entities; and 5) that the companies were well-established and had been in business for long periods of time.

In truth and in fact, as defendant then knew, the representations in the solicitations were materially false. Money sent in by victims was not used to purchase tickets in lotteries, horse races, or any other games; victims did not have a chance to win millions of dollars; previous participants had not won millions of dollars; the companies were not backed by governmental or legitimate lottery entities, and the companies were not well established and had not been in business for long periods of time.

The solicitations induced the victims to send to checks, money orders, and credit card numbers by mail to addresses in Ireland and The Netherlands. There, the mail was handled by associates of defendant. The money obtained from the victims was deposited into bank accounts in the United States controlled by other associates of defendant. Some of the money was sent back to victims in the form of small dollar amount checks falsely represented to be winnings. The amount of the alleged "winnings" was far less than the amount the victim had sent in. Some of the money was used to perpetuate the scheme.

Through this scheme, defendant obtained money from tens of thousands of victims. The loss to the victims exceeded $7 million.[1]

In furtherance of the above-described scheme to defraud, on June 23, 2006, defendant caused a lottery solicitation to be sent via the United States mails to victim F.M., in Lakewood, California.

<u>SENTENCING FACTORS</u>

11. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Except as set forth in paragraph 3(d) above, defendant and the USAO have no agreement as to the appropriate sentence or

---

[1] The government contends that the total loss amount was approximately $17 million. Defendant does not stipulate to this amount. Under § 2B1.1(b)(1) of the Sentencing Guidelines, however, the enhancement is the same for any loss between $7 million and $20 million.

the applicable Sentencing Guidelines factors.  Except as set forth in paragraph 3(d), both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial.  Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

16.   Defendant agrees that, provided the Court imposes a term of imprisonment of 10 years or less (excluding any term of supervised release), defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions

1  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol

2  and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

3       17.   The USAO agrees that, provided (a) all portions of the

4  sentence are at or below the statutory maximum specified above

5  and (b) the Court imposes a term of imprisonment within or above

6  the range corresponding to an offense level of 38 and the

7  criminal history category calculated by the Court, the USAO gives

8  up its right to appeal any portion of the sentence, with the

9  exception that the USAO reserves the right to appeal the amount

10 of restitution ordered.

11                RESULT OF WITHDRAWAL OF GUILTY PLEA

12      18.   Defendant agrees that if, after entering a guilty plea

13 pursuant to this agreement, defendant seeks to withdraw and

14 succeeds in withdrawing defendant's guilty plea on any basis

15 other than a claim and finding that entry into this plea

16 agreement was involuntary, then (a) the USAO will be relieved of

17 all of its obligations under this agreement; and (b) should the

18 USAO choose to pursue any charge that was either dismissed or not

19 filed as a result of this agreement, then (i) any applicable

20 statute of limitations will be tolled between the date of

21 defendant's signing of this agreement and the filing commencing

22 any such action; and (ii) defendant waives and gives up all

23 defenses based on the statute of limitations, any claim of pre-

24 indictment delay, or any speedy trial claim with respect to any

25 such action, except to the extent that such defenses existed as

26 of the date of defendant's signing this agreement.

27

28

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

20.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

11

1           a) Defendant agrees that any applicable statute of

2  limitations is tolled between the date of defendant's signing of

3  this agreement and the filing commencing any such action.

4           b) Defendant waives and gives up all defenses based on

5  the statute of limitations, any claim of pre-indictment delay, or

6  any speedy trial claim with respect to any such action, except to

7  the extent that such defenses existed as of the date of

8  defendant's signing this agreement.

9           c) Defendant agrees that: (i) any statements made by

10  defendant, under oath, at the guilty plea hearing (if such a

11  hearing occurred prior to the breach); (ii) the agreed to factual

12  basis statement in this agreement; and (iii) any evidence derived

13  from such statements, shall be admissible against defendant in

14  any such action against defendant, and defendant waives and gives

15  up any claim under the United States Constitution, any statute,

16  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

17  Federal Rules of Criminal Procedure, or any other federal rule,

18  that the statements or any evidence derived from the statements

19  should be suppressed or are inadmissible.

20               COURT AND PROBATION OFFICE NOT PARTIES

21     23.  Defendant understands that the Court and the United

22  States Probation Office are not parties to this agreement and

23  need not accept any of the USAO's sentencing recommendations or

24  the parties' agreements to facts or sentencing factors.

25     24.  Defendant understands that both defendant and the USAO

26  are free to: (a) supplement the facts by supplying relevant

27  information to the United States Probation Office and the Court,

28  and (b) correct any and all factual misstatements relating to the

1  Court's Sentencing Guidelines calculations.  While this paragraph
2  permits both the USAO and defendant to submit full and complete
3  factual information to the United States Probation Office and the
4  Court, even if that factual information may be viewed as
5  inconsistent with the facts agreed to in this agreement, this
6  paragraph does not affect defendant's and the USAO's obligations
7  not to contest the facts agreed to in this agreement.

8      25.  Defendant understands that even if the Court ignores
9  any sentencing recommendation, finds facts or reaches conclusions
10 different from those agreed to, and/or imposes any sentence up to
11 the maximum established by statute, defendant cannot, for that
12 reason, withdraw defendant's guilty plea, and defendant will
13 remain bound to fulfill all defendant's obligations under this
14 agreement.  Defendant understands that no one -- not the
15 prosecutor, defendant's attorney, or the Court -- can make a
16 binding prediction or promise regarding the sentence defendant
17 will receive, except that it will be within the statutory
18 maximum.

19                     NO ADDITIONAL AGREEMENTS
20     26.  Defendant understands that, except as set forth herein,
21 there are no promises, understandings, or agreements between the
22 USAO and defendant or defendant's attorney, and that no
23 additional promise, understanding, or agreement may be entered
24 into unless in a writing signed by all parties or on the record
25 in court.

26      PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING
27     27.  The parties agree that this agreement will be
28 considered part of the record of defendant's guilty plea hearing

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   ANDRÉ BIROTTE JR.
6  United States Attorney

7

8  _____        2/4/11
   DANIEL A. SAUNDERS                       Date
9  Assistant United States Attorney

10

11 _____        2-3-11
   JAMES RAY HOUSTON                        Date
12 Defendant

13

14 _____        2-3-11
   MARK A. CHAMBERS                         Date
15 Attorney for Defendant
   James Ray Houston
16

17

18

19

20

21

22

23

24

25

26

27

28

                        14

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          2-3-11
JAMES RAY HOUSTON                          Date
Defendant

15

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am James Ray Houston's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          2-3-11
MARK A. CHAMBERS                           Date
Attorney for Defendant
James Ray Houston

16