MARK A. CHAMBERS (#98933)
14241 Firestone Blvd., Suite 400
La Mirada, CA 90638
Telephone: (213) 489-1958
Fax:        (213) 489-0599
chambers@markchamberslaw.com
Attorney for Defendant
JAMES RAY HOUSTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(HONORABLE DEAN D. PREGERSON)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES RAY HOUSTON (02),<br><br>  Aka "Rex Rogers,"<br><br>    Defendant | CASE NO. CR-07-134-DDP-02<br><br>DEFENDANT JAMES RAY HOUSTON'S POSITION RE: SENTENCING<br><br>DATE: August 1, 2011<br>TIME:  1:30 p.m. |

Defendant, JAMES RAY HOUSTON, by and through his attorney of record, Mark A. Chambers, hereby submits this Position regarding Sentencing.

I

PLEA

On March 4, 2011, the Defendant, JAMES RAY HOUSTON, entered a plea of guilty to Count 11 of the Indictment, Mail Fraud and Aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 1341, 2.  There is a plea agreement in this case.

//
//
//
//

1

II

CURRENT CUSTODY STATUS AND

DEFENDANT'S SENTENCING POSITION

Mr. Houston has been in federal custody since his arrest on January 11, 2011. It is the position of the defense that Mr. Houston should be sentenced to 51 months in custody.

III

ANALYSIS OF 18 U.S.C. § 3553(a) FACTORS

The defense respectfully requests that this Court consider the following in regards to the nature and circumstances of the offense and the history and characteristics of Mr. Houston, pursuant to 18 U.S.C. § 3553(a)(1).

*Personal & Family History*

Mr. Houston was born in Kansas City, Kansas, in 1945. He was adopted at the age of two by his uncle and aunt, as his mother was unable to care for him properly. He was approximately five years old when his father died of an aneurism. He has three half-siblings, one of whom is a co-defendant in this case, another who is deceased, and another who resides somewhere in Missouri. [PSR pg. 10, ¶46]

Mr. Houston joined the United States Army at the age of 18 after living in various states throughout the Midwest. A previous marriage produced two sons, the elder of whom is a co-defendant in this case, and the younger of whom resides in Missouri and plans on attending Ozark Bible Institute and College later this year. Mr. Houston plans on living with his younger son upon his release from custody. [PSR pg. 10, ¶47]

*Employment and Education Background*

Mr. Houston completed the eleventh grade before enlisting in the Army. He earned two years' worth of units through extension courses at the University of Maryland. He is a skilled typist and did secretarial and legal work, preparing documents for court marshal proceedings, while serving as a Specialist-4 in the

2

Army.  He was honorably discharged and later owned a franchise of Educational Book Club, Inc.  Prior to his involvement in this offense, he was employed as a website designer in Costa Rica.  [PSR pg. 12, ¶¶57-63]

### *Physical Condition*

Mr. Houston is 65 years old.  He was diagnosed with Parkinson's Disease in 2005 and suffered one stroke annually in the last three years since approximately 2008.  He suffered some brain damage as a result of these strokes and has not fully recovered.  He is partially paralyzed and has used a wheelchair since 2008.  Mr. Houston is currently taking Levodopa for Parkinson's Disease while he is in custody.  [PSR pgs. 10-11, ¶¶51-53]

Prior to his incarceration, Mr. Houston received treatment for a variety of medical issues while living in Costa Rica.  In 2002, a cyst was removed from his armpit and neck.  In 2005, his gallbladder was removed due to inflammation.  Another cyst was removed in 2006.  Mr. Houston's surgeon, who treated Mr. Houston in Costa Rica from 2002 until 2007, indicated that Mr. Houston suffered secondary epilepsy seizures and hemiparesis due to a stroke in 2007.  [PSR pgs. 10-11, ¶¶51-53]

### *Need for the Sentence Imposed &*
### *Need to Avoid Unwarranted Sentence Disparities*

Mr. Houston has no prior convictions and has, up until his involvement in the instant offense, shown great respect for the law.  Although he was arrested in 1977 on federal charges for mail and wire fraud, concealment of funds in bankruptcy, and willfully disobeying a court order, he was acquitted on all charges.  [PSR pg.9, ¶42]

Mr. Houston's co-defendants received the following sentences for their involvement in the offense:  Defendant No. 1, Mr. Vleisides, received a sentence of 26 months for his 11-year involvement in the offense; Defendant No. 3, Mr. Emmett, received a sentence of 51 months for his 4-year involvement in the offense; and Defendant No. 4, Mr. Cloud, received a sentence of 12 months and one day as a

3

USA v. Vleisides, et al.
Case No. CR-07-134-DDP-02

minor participant. [PSR pg. 1-2; Probation Recommendation to the Court (Docket No. 212), pg. 4] It is urged that the court consider and adopt a sentence within the above range to avoid unwarranted sentence disparities.

## IV

## CRIMINAL HISTORY

The defense agrees with the Presentence report in that Mr. Houston has no criminal history points, which equates to a Criminal History Category I.

## V

## LETTERS IN SUPPORT

Mr. Houston's son has written a letter to the court in support of Mr. Houston. This letter is attached as Exhibit "A" and incorporated by reference herein.

## VI

## GUIDELINE CALCULATIONS AND ADJUSTMENTS

(1) <u>Applicable Guideline/Base Offense Level</u>.

The base offense level pursuant to USSG §2B1.1(a)(1) is 7.

(2) <u>Loss Exceeding $7 Million</u>.

The parties agree that the loss in this case exceeded $7 million, but was less than $20 million, correlating to a 20-level increase pursuant to USSG §2B1.1(b)(1)(K).

(3) <u>Offense Involves 250 or More Victims</u>.

The parties agree that the offense involved 250 or more victims, which results in a 6-level increase pursuant to USSG §2B1.1(b)(2)(C).

(4) <u>Substantial Part of Scheme NOT Committed from Outside United States</u>.

The defense disagrees with the position of the Probation Office that a substantial part of the fraudulent scheme was committed from outside the United States. Although the offense involved the establishment of mailing addresses in various countries, a significant and substantial portion of the scheme occurred within the United States, where victims received the

4

USA v. Vleisides, et al.
Case No. CR-07-134-DDP-02

solicitations and sent money to foreign addresses.  Although the money was handled briefly in other countries, the money eventually returned to the United States, where it was handled by an accountant, deposited into various bank accounts, and mailed back to certain other victims residing within the United States.

(5) <u>Vulnerable Victim</u>.

The parties agree that a 2-level increase under USSG §3A1.1(b)(1) applies if the defendant knew or should have known that the offense involved a vulnerable victim.

(6) <u>Adjustment for Acceptance of Responsibility</u>.

The parties agree that a 3-level reduction for acceptance of responsibility is applicable.

(7) <u>18 USC § 3553(a) Factors</u>.

The defense urges that this Court adopt an additional 8-level downward departure, considering the nature and circumstances of the offense and the history and characteristics of Mr. Houston pursuant to 18 U.S.C. § 3553(a).

| | |
|---|---|
| BASE OFFENSE LEVEL: | 7 |
| Loss Exceeding $7 Million, but Less than $20 Million | +20 |
| Involves Over 250 Victims | +6 |
| Substantial Part of Scheme Not Outside U.S. | 0 |
| Vulnerable Victim | +2 |
| Acceptance of Responsibility | - 3 |
| 3553(a) Factors | - 8 |
| ADJUSTED OFFENSE LEVEL: | 24 |

//
//
//

5

## VII

## SENTENCING RECOMMENDATION

The defense respectfully requests that this Court find Mr. Houston's base offense level to be 7, with a 20-level increase for a loss in excess of $7 million but less than $20 million, a 6-level increase for the involvement of over 250 victims, a 2-level increase for the involvement of a vulnerable victim, a 3-level reduction for acceptance of responsibility, and an 8-level downward departure for § 3553(a) factors.

Therefore, it is requested that this Court sentence Mr. Houston to a Level 24, Criminal History Category I, low end, 51 months in custody.

Dated: July 12, 2011                                    Respectfully Submitted,


                                                        s/ Mark A. Chambers
                                                        Mark A. Chambers
                                                        Attorney for Defendant
                                                        JAMES RAY HOUSTON

6

USA v. Vleisides, et al.
Case No. CR-07-134-DDP-02